*Counsel for Plaintiff:*
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
Counsel for Plaintiff
12000 Biscayne Boulevard, Suite 502
North Miami, FL 33181
(305) 891-5199
lfuller@fullerfuller.com
and
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI 49301
(616) 676-4300
foxlawfirm@aol.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MARK FULTZ, Individually, | : |
| Plaintiff, | : |
| vs. | : Case No.: 2:19-cv-13304-PDB-DRG |
| ABIGAIL HOTELS, LLC, | : The Honorable Paul D. Borman |
| a Michigan Limited Liability Company, | : |
| Defendant. | : |

**FIRST AMENDED COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, MARK FULTZ, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby

1

sues the Defendant, ABIGAIL HOTELS, LLC, a Michigan Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff, Mark Fultz, is an individual residing in Margate, FL, in the County of Broward.

2. Defendant's property, The Best Western Hotel, is located at 16999 S. Laurel Drive, Livonia, MI 48154, in Wayne County.

3. Venue is properly located in the Eastern District of Michigan because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

4. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5. Plaintiff Mark Fultz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Mr. Fultz suffered a stroke which resulted in paralysis, rendering the right side of his body immobile. He ambulates by means of a manual wheelchair and occasionally is able to walk short distances with the aid of a cane.

6. Mr. Fultz was raised in Michigan and has relatives, including many cousins, his son, daughter, and grandchildren, in areas of suburban Detroit. His son lives and works in Ann Arbor. His daughter lives in a suburb located between Ann Arbor and Detroit.

7. Mark Fultz has visited the property which forms the basis of this lawsuit from October 1 through October 2 2019, and has reservations to return to the property on July 6 through July 7, 2020, to attend a hockey tournament that his middle grandson is playing in, and to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety.

8. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as The Best Western Hotel, and is located at 16999 S. Laurel Drive, Livonia, MI 48154.

9. Mark Fultz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in

paragraph 11 of this First Amended Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant. Mark Fultz desires to visit The Best Western Hotel, not only to avail himself of the goods and services available at the property, but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

10. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

11. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of The Best Western Hotel has shown that violations exist. These violations, which were encountered or observed by Plaintiff, and which were verified by an ADA expert, include but are not limited to:

### Website

a. The Hotel does not have an accessible website. This website offers no information as to the accessibility of the hotel's rooms. No information was given as to whether or where it offers compliant/accessible roll-in showers, tubs, built in seating, commodes, grab bars, sinks, wrapped pipes, sink and door hardware, properly located amenities, sufficient maneuvering spaces, compliant doors, furniture, controls and operating mechanisms. The website does not contain any information as to whether all goods, facilities and services at the property are connected by a compliant accessible route, nor does the website contain any information as to the accessibility of routes connecting all the features of the hotel, such as the transaction counter, parking and common area restrooms. The website does not give any information as to whether accessible rooms are on the ground floor or if an elevator is provided within an accessible route.

### Parking

b. The Hotel lacks van accessible parking, in violation of sections 208 and 502 of the Standards.

c. The Hotel parking spaces have slopes in excess of the maximum permitted by section 502.4 of the Standards.

d. None of the accessible parking spaces have the required 96" access aisles, in violation of sections 208 and 502 of the Standards.

These conditions make it difficult for Plaintiff to park and to exit a vehicle safely.

### Entrances / Exits

e. The Hotel has a step at the rear entrance door which denies Plaintiff and mobility-impaired persons entry and exit to and from the facility, in violation of sections 206, 402, and 404 of the Standards.

  f. There is no wheelchair accessible route to exit the Hotel.

  g. The walking areas around the Hotel are not flat and properly angled in spots, in violation of Section 406.4 of the Standards.

These conditions prevent Plaintiff and other mobility-impaired persons from entering and exiting the Hotel safely and independently.

### Lobby Restroom

  h. The lobby restroom is not ADA compliant and is not large enough for wheelchair access, in violation of sections 213, 601, 603, and 604 of the Standards.

  i. The sanitary paper towel dispenser is not reachable and in violation of 213, 308 of the Standards.

  j. The sink pipes are not insulated in violation of 606.4 of the Standards.

  k. The soap dispenser does not have a 30x48 inch clear area to approach and use in violation of 213, 308 of the Standards.

  l. The required 12 inches of clearance on the push side of the door to enter this restroom is lacking, in violation of section 404 of the Standards. This door requires excessive force needed to open the door, and it closes much too quickly.

These conditions make it difficult for Plaintiff and other wheelchair users to access and use the restroom safely and without assistance.

### Exercise Room

  m. The room lacks a 36-inch clear path of travel throughout, as called for at 206, 402 of the Standards. This condition makes it difficult for Plaintiff and other wheelchair users to safely access and utilize the exercise room.

### Guest Rooms

n.   The Hotel does not provide the required amount of compliant accessible guest rooms and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section 224.2 of the Standards.

o.   This facility lacks the required two (2) rooms with roll-in showers, in violation of the section 224.2, and table 224.2.

### Guest Room #118 – Assigned to Plaintiff

p.   The room number sign is incorrectly mounted, in violation of sections 216, 703 of the Standards, and there is not the required 12" of latch side clearance to enter, in violation of 404.2.4 of the Standards.

q.   The required 18 inches of latch side clearance on the pull side of the door to exit is lacking, in violation of 404.2.4 of the Standards.

These conditions made it difficult for Plaintiff to safely enter and exit the guestroom.

### Guest Restroom

r.   The shower head is mounted above the maximum height allowed (48") in the Standards at 308, making it difficult for Plaintiff to shower safely.

s.   There is no secured bath seat in violation of section 610.2 of the Standards, making it difficult for Plaintiff to use the bathtub safely.

t.   There is no rear 36" grab bar, the side grab bar is incorrectly mounted, the toilet paper is incorrectly mounted, in violation of the Standards at 603, 604.

u.   The sink pipes are not insulated and the sink counter is below the maximum height established by the Standards at 306, 606.

   v.  The bathtub water controls require tight grasping, pinching, and twisting of the writs to operate, and are not allowed at 309.4 of the Standards.

These conditions make it difficult for Plaintiff to use the restroom safely and independently, and for Plaintiff to use the allegedly accessible guestroom in a safe manner.

### Maintenance

   w.  The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

12. The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's

place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

13. Defendant has discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

14. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

15. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of

public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

16. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

17. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs

and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

18. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Best Western Hotel to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis, and to require the institution of a policy that requires Defendant to maintain its accessible features.

**WHEREFORE,** Plaintiff respectfully request:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such

modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 15, 2019

Respectfully submitted,

/s/ M. J. Stephen Fox
M. J. Stephen Fox, Esq. (P32456)
FOX & ASSOCIATES
2536 Red Clover Drive SE
Ada, MI 49301
(616) 676-4300
foxlawfirm@aol.com
and
Lawrence A. Fuller, Esq.
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
lfuller@fullerfuller.com

*Attorneys for Plaintiff*